Case 1:21-cv-00525 Document 1-4 Filed 10/19/21 Page 1 of 16 PageID #: 13

Filed: 9/20/2021 10:26 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Samantha Whitney

EXHIBIT 2

CAUSE NO. 62718

| | | |
|---|---|---|
| **MAKAYLA EDWARDS,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | **HARDIN COUNTY, TEXAS** |
| **DOLLAR TREE STORES INC.,** | § | |
| **and DOLLAR TREE INC.,** | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Comes now **MAKAYLA EDWARDS** (herein referred to as "Plaintiff") complaining of and about, **Dollar Tree Stores Inc., and Dollar Tree Inc.,** (collectively referred to as Defendants), and in support hereof would show unto the Court as follows:

#### 1. DISCOVERY-CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to Level 3, as set forth and governed by the TEXAS RULE OF CIVIL PROCEDURE.

#### 2. CLAIM FOR RELIEF

Plaintiff recognizes the sole right to affix damages rests with the jury and this Honorable Court. Most Plaintiffs in Texas must plead an amount in controversy at the early stage of the litigation before completion of discovery or time elapses, and a failure to do so deprives Plaintiff of significant rights to discovery and remedies under Texas law. *See* TEX. R. CIV. P. 47(c)(4). Recognizing this law forces her, at this early stage of litigation, to plead a specific amount or be denied access to the courts, Plaintiff seeks monetary relief over $200,000 but less than $1,000,000. TEX. R. CIV. P. 47(c)(5), reserving right to amend that amount.

1

Copy from re:SearchTX

### 3. PARTIES

Plaintiff, at all material times herein, was a resident of Hardin County, Texas. Plaintiff was at all relative times, and is currently, a citizen of the State of Texas.

Defendant Dollar Tree Stores Inc., ("Dollar Tree Stores.") is a foreign corporation authorized to do, and actually doing significant and substantial business in the State of Texas. This defendant may be served by serving its registered agent for service of process: Corporation Service Company d/b/a CSC-Lawyers Inco located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

Defendant Dollar Tree Inc., ("Dollar Tree") is a foreign corporation authorized to do, and actually doing significant and substantial business in the State of Texas. This defendant may be served by serving its registered agent for service of process: Corporation Service Company d/b/a CSC-Lawyers Inco located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### 4. JURISDICTION & VENUE

The Court has jurisdiction over Defendants because defendants are for-profit companies that engages in business in the State of Texas and have the requisite minimum contacts within this State for the exercise of jurisdiction. The exercise of jurisdiction over these defendants does not offend the traditional notions of fair play and substantial justice. These defendants' contacts with the State of Texas are directly related to the cause of action herein, and regardless their contacts are systematic and continuous and/or both companies essentially at home in the State of Texas.

The Court has jurisdiction over this cause of action because the amount in

Copy from re:SearchTX

controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

Venue is likewise proper in this county pursuant to TEX. CIV. PRAC. & REM. CODE §15.001 et seq. and related venue provisions.

Venue is proper in Hardin County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred in Hardin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Venue is further proper in Hardin County, Texas because Hardin County, Texas is the county of one or more non-natural-person defendants. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2). Finally, venue is proper in Hardin County, Texas because Hardin County, Texas is the county of one or more non-natural-person defendant's principal offices. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

## 5. FACTS

On August 8, 2021, Plaintiff was a customer at the **Dollar Tree** store located at 725 N. Main Street, Lumberton, Hardin County, Texas 77657.. Plaintiff was a customer and/or invitee of Defendants. Plaintiff was walking around the store when she slipped on a liquid(s), causing her to fall to the ground. As a result, Plaintiff sustained serious and significant injuries. An employee of Defendants' stated they were aware of the liquid on the ground but failed to warn and/or clean up the spill. There were no warning signs in the area warning Plaintiff about the floors. Upon information and belief, the premises were not safe, and no adequate warnings were provided by Defendants resulting in injury to Plaintiff. As a result of Plaintiff's fall, she sustained serious injuries, including, but not

Copy from re:SearchTX

limited to, Plaintiff's knee. At all times material hereto, Defendants owned, controlled, and/or operated the premises in question. This incident, and the injuries resulting therefrom, were brought about to occur and were proximately caused by the negligence Defendants and/or employees of Defendants.

### 6. CAUSE OF ACTION AGAINST DEFENDANTS: VICARIOUS LIABILITY

Defendants are vicariously liable for the negligence of its employees under the theory *respondeat superior* as, at all times material, Defendants employees were acting within the course and scope of said employment, and in the furtherance of Defendants' business, at the time of the accident made the basis of this lawsuit. Pleading further, Plaintiff would show that, at all times material, Defendants' employees were the '*statutory employee*' of Defendants as that term is used and applied.

### 7. CAUSES OF ACTION AGAINST DEFENDANTS: DIRECT LIABILITY

Defendants are directly and independently liable to Plaintiff for their own negligent acts and omissions as committed by it and its agents, employees, servants and representatives. Defendants owed specific duties to Plaintiff as well as the customers of its store, said duties existing and created by common law, statutory law and regulatory laws, rules and regulations. Defendants breached these duties and is thus negligent in multiple ways including (but not limited to) the following:

    a. Negligently and carelessly failing to warn Plaintiff of the dangerous condition;

    b. Failing to maintain safe premises;

    c. Failing to properly maintain the floors in question and the area;

    d. Failing to properly inspect the area in question;

Copy from re:SearchTX

  e. Failing to discover and remove the dangerous condition within a reasonable time;

  f. Failing to use the care of a reasonably prudent person under the same or similar circumstances;

  g. Failing to properly train employees; and

  h. Failing to inspect and maintain the floors in question and the premises;

  i. Failing to safely and adequately mark and/or warn of the area in which Plaintiff fell;

  j. Failing to adequately warn Plaintiff and others of the floors and/or condition upon which she was injured; and

  k. In committing other acts of omission and/or commission to be shown after and adequate time for discovery, and/or at the time of trial.

The foregoing acts and/or omissions were a proximate and/or producing cause of the Plaintiff's injuries and damages.

### 8. CAUSES OF ACTION AGAINST DEFENDANTS: PREMISES LIABILITY

Defendants were the owner and/or in control of the premises at the **Dollar Tree** located at 725 N. Main Street, Lumberton, Texas 77657, at the time of this accident. To be clear, Plaintiff is bringing *both* negligence causes of action and premises causes of action against Defendant**s**—and any representation to the contrary would be in bad faith as such is expressly plead herein.

Plaintiff entered Defendant**s'** premises with Defendants' knowledge and for their mutual benefit. More specifically, Plaintiff was a customer at this particular store.

A condition on Defendants' premises posed an unreasonable risk of harm. The condition, liquid(s) on the floor/or dangerous area, caused Plaintiff to trip, fall, and injure her knee and other parts of her body.

5

Copy from re:SearchTX

Defendants and/or its agents, servants and employees negligently, willfully, and/or knowingly permitted the area in question to become dangerous; negligently, willfully, and/or knowingly allowed such condition to continue; and negligently willfully and/or knowingly failed to warn Plaintiff of the dangerous condition. This condition existed despite the fact that Defendant and/or its agents, servants and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured as occurred to Plaintiff. Defendant should have or reasonably should have known of the dangerous condition existing at the entrance of the store at the time of Plaintiff's fall.

Defendants furthermore had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants breached its duty to inspect, warn, and/or cure. Defendants' breach of duty proximately caused injury to Plaintiff.

## 9. DAMAGES

As a direct, legal and proximate cause of the Defendants' negligence herein, Plaintiff suffered severe and significant personal injuries. Plaintiff hereby sues for the recovery of the following elements of damages:

    a.    Medical and other health care-related expenses, past and future;

    b.    Physical pain and suffering, past and future;

    c.    Mental anguish, past and future;

    d.    Physical impairment, past and future; and

    e.    Physical disfigurement, past and future;

    f.    Lost wages, past and future;

Copy from re:SearchTX

g. Lost earning capacity.

Plaintiff further asserts her right to recover over and from the Defendants any and all interest allowed by law including pre-judgment and post-judgment interest as well as court costs.

## 10. RULE 193.7 NOTICE

Plaintiff hereby notifies Defendants that the Plaintiff intends to use any document produced by Defendants in response to written discovery as an authenticated document against Defendants in any pretrial proceeding and at trial in accordance with the rights and privileges afforded by Tex. R. Civ. P. 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, that upon final trial hereof, the Plaintiff recovers against Defendants all of Plaintiff's damages as set forth herein as well as pre- and post-judgment interest at the legal and lawful rate, all costs of court, and all other and further relief, at law or in equity, to which your Plaintiff may be justly entitled.

Respectfully submitted,

**The Ferguson Law Firm**
350 Pine Street, Suite 1440
Beaumont, Texas 77701
(409) 832-9700 (Phone)
(409)832-9708 (Fax)
 */s/ Mark Sparks*
Mark Sparks
State Bar No. 24000273
mark@thefergusonlawfirm.com
Layne Walker
State Bar No. 24118580
lwalker@thefergusonlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

Copy from re:SearchTX

Filed: 9/20/2021 10:26 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Samantha Whitney

8

Copy from re:SearchTX

CAUSE NO. 62718

| | | |
|---|---|---|
| **MAKAYLA EDWARDS,** | § § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | HARDIN COUNTY, TEXAS |
| **DOLLAR TREE STORES INC., and DOLLAR TREE INC.,** | § § § § | |
| *Defendants.* | § § | 356th JUDICIAL DISTRICT |

## DEFENDANTS DOLLAR TREE STORES, INC. AND DOLLAR TREE INC.'S ORIGINAL ANSWER

Defendants, DOLLAR TREE STORES, INC. and DOLLAR TREE, INC. ("Defendants"), hereby file their Original Answer to Plaintiff's Original Petition as follows:

### I. GENERAL DENIAL

1. Defendants deny each and every, all and singular, material allegations contained within the pleadings and any amendments or supplements thereto of Plaintiff Makayla Edwards and demand strict proof thereof.

### II. INFERENTIAL REBUTTAL INSTRUCTIONS

2. Defendants assert the following by way of inferential rebuttal and requests that the Court instruct the jury as follows:

   a. **New and Independent Cause / Superseding Intervening Cause**. The alleged damages in question as alleged by Plaintiff were caused, in whole or in part, by an act or omission of a separate and independent agency, not reasonably foreseeable to the Defendants, that destroyed any causal connection between the alleged acts or omissions of the Defendants and the injury complained of thus becoming an intervening, superseding cause of the incident and/or alleged injuries.

  b. **Sole Proximate Cause**. The act(s) or omission(s) of another person, including Plaintiff or another entity was the sole cause of the damages alleged by Plaintiff.

  c. **Prior and/or Subsequent Injuries/Conditions**. Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused solely and/or proximately by prior and/or subsequent accidents, events, or occurrences. Also, Plaintiff's claims of injuries and damages are the result in whole or in part of pre-existing conditions, injuries, diseases, illnesses, and disabilities and not the result of any act or omission on the part of the Defendants.

### III. AFFIRMATIVE DEFENSES

3. By way of affirmative defense, pleading in the alternative and without waiving the foregoing general denial:

  a. **Comparative Negligence-Responsibility.** Defendants would show that the negligence of Plaintiff and one or more third parties and/or one or more Co-Defendant was/were the sole, or a partial, proximate cause of the accident and the injuries and damages alleged by Plaintiff. Because of Plaintiff's negligence, Plaintiff is/are barred, in whole or in part, from a recovery of damages from Defendants. Also, pursuant to Ch. 33, Texas Civil Practice and Remedies Code, Defendants invoke the doctrine of comparative responsibility and would further show Defendants are entitled to an issue submitted to the jury on the comparative responsibility of Plaintiff and/or any third party and/or any Co-Defendant who caused, contributed or was responsible for the injuries and damages alleged by Plaintiff.

  b. **Responsible Third Parties.** Pleading further and in the alternative, without waiving the foregoing, Defendants assert that the occurrence in question and/or the alleged damages were proximately and/or producing caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendants have no right of control nor for whom Defendants are legally responsible. Furthermore, to the extent the acts and/or omissions for which Plaintiff complain/complains were committed by persons subject to Defendants' supervision and control, Plaintiff's claims are barred against Defendants, in whole or in part, because said persons acted beyond the scope of their authority to act on behalf of Defendants. Also, regarding other parties' causation of Plaintiff's injuries, Defendants' liability must be reduced, and if Defendants are found to be jointly and severally liable, Defendants are entitled to a judgment for contribution from these other parties.

  c. **Failure to Mitigate**. Plaintiff failed, either in whole or in part, to mitigate damages as required under applicable law. Any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff has/have failed to take the

reasonable steps that a person of ordinary prudence in the same or similar situation would have taken to avoid the damages claimed in this lawsuit.

d.     **Paid-or-Incurred Medical-Expense Limitation**. Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to § 41.0105 of the Tex. Civ. Prac. & Rem. Code.

e.     **Failure to Submit Medical Bills to Medical-Insurance Provider.** Plaintiff's claims for medical expenses are barred by the provisions of § 146, et seq of the Tex. Civ. Prac. & Rem. Code, to the extent that Plaintiff is/are covered by medical insurance and medical providers have refused to submit the medical bills to the medical insurance provider. Tex. Civ. Prac. & Rem. Code § 146.003.

f.     **Credit/Offset**.  Defendants are entitled to a credit or offset for all monies or consideration paid to or on behalf of Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff, payments made to and on behalf of Plaintiff under Defendants' Work Injury Benefit Plan, and any settling person, responsible third-party or any other person or entity not a party to this lawsuit.  Defendants' claims and is/are entitled to all lawful settlements, credits and offsets including but not limited to those set forth in Tex. Civ. Prac. & Rem. Code §33.012 and §41.0105.  Thus, Defendants assert the affirmative defenses of offset, credit, payment, release, and accord and satisfaction to the extent applicable as provided under Texas Rule of Civil Procedure 94.

g.     **Loss of Earnings / Loss of Earning Capacity—Post-Tax-Payments/Liability**. Pursuant to Tex. Civ. Prac. & Rem. Code § 18.091, Plaintiff must prove Plaintiff's alleged loss of earnings and/or loss of earning capacity in a form that represents their net loss after reduction for income tax payments or unpaid tax liability.  Also, Defendants request the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is/are subject to federal and state income taxes.

h.     **Damages Bars and Limitations.** Plaintiff's claims, if any, for exemplary, punitive, or other damages are barred, limited, restricted, and/or governed by the provisions of the Tex. Civ. Prac. & Rem. Code Ch. 41 and other applicable law.

i.     **Punitive-Damages Unconstitutionality.**     Defendants further invoke Defendants' rights under the Due Process Clause and Equal Protection Clause of the Fifth, Eighth (as it applies to the States through the Fourteenth Amendment), and Fourteenth Amendment of the United States Constitution. Punitive and/or exemplary damages is/are violative of the Fifth, Eighth, and Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

(1)     in an amount left to the discretion of the jury and judge;

(2)     in assessing such sums, the decision of the jury need only be based on a vote of ten jurors and does not require a unanimous verdict;

(3) in assessing such penalty or exemplary awards, Plaintiff need/needs only prove the theory of gross negligence on a clear-and-convincing-evidence standard and not on a "beyond a reasonable doubt" standard, as should be required in assessing a punishment award;

(4) also, the Defendants who is/are subject to the award does not have the right to refuse to testify against herself, but must, in fact, take the stand and/or give deposition testimony or subject herself to the consequences of a default judgment;

(5) the assessment of such a punishment and/or exemplary award is/are not based on a clearly defined statutory enactment setting forth a specific mens rea requirement and/or other prerequisites of a criminal fine and, in effect, allows the assessment of such awards though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process;

(6) in essence, Defendants herein is/are subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines; but Defendants receive none of the basic rights afforded a criminal defendant when being subjected to possible criminal penalties; and

(7) the assessment of punitive and/or exemplary damages differs from defendant to defendant and treats similar Defendant in dissimilar ways.

Thus, Defendants herein invoke Defendants' rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and requests this Court disallow the award of punitive and/or exemplary damages in as much as an award in this case would be violative of this Defendant's United States Constitutional rights.

j. **Reservation of Rights.** Defendants hereby give notice Defendants intend to rely on such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserve the right to amend its Answer to assert such defenses.

### IV. TEX. R. CIV. P.193.7 NOTICE

4. Pursuant to Tex. R. Civ. P. 193.7, Defendants hereby give actual notice to Plaintiff that any and all documents produced by Plaintiff may be used against Plaintiff at any pretrial proceeding or at the trial of this matter without the necessity of authenticating the documents.

## V. TEXAS RULE OF EVIDENCE 609(f) REQUEST

5. Defendants request that Plaintiff, pursuant to Texas Rules of Evidence 609(f), give Defendants sufficient advanced written notice of Plaintiff's intent to use evidence of a conviction of a crime under Rule 609(f) against any party or witness in this case, with failure to do so resulting in inadmissibility of the same.

## VI. JURY DEMAND

6. Defendants demand a trial by jury and tenders the applicable jury fee with its Answer.

## VII. RELIEF REQUESTED

7. Defendants pray that:

   a. Plaintiff take nothing by this lawsuit;

   b. Defendants go hence with its costs (i.e., its costs be taxed against Plaintiff) without delay; and

   c. for such other and further relief, both general and special, at law and in equity, to which Defendants may show itself justly entitled.

Respectfully submitted,

**MAYER LLP**

   */s/ Kevin P. Riley*
Kevin P. Riley
State Bar No. 16929100
kriley@mayerllp.com
Jason M. Gunderman
State Bar No. 24085349
Jgunderman@mayerllp.com
4400 Post Oak Parkway, Suite 1980
Houston, Texas   77027

**ATTORNEYS FOR DEFENDANT
DOLLAR TREE STORES INC. AND DOLLAR TREE INC.**

## **CERTIFICATE OF SERVICE**

This is to certify that on the 14TH day of October 2021, a true and correct copy of the foregoing has been forwarded to all counsel of record as follows:

| | |
|---|---|
| Mark Sparks<br>Email: mark@thefergusonlawfirm.com<br>Layne Walker<br>Email: lwalker@thefergusonlawfirm.com<br>The Ferguson Law Firm<br>350 Pine Street, Suite 1440<br>Beaumont, Texas   77701<br><br>**COUNSEL FOR PLAINTIFF** | ☐E-MAIL<br>☐HAND DELIVERY<br>☐FACSIMILE<br>☐OVERNIGHT MAIL<br>☐REGULAR, FIRST CLASS MAIL<br>☒E-FILE AND SERVE<br>☐E-SERVICE ONLY<br>☐CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

/s/ *Jason M. Gunderman*
Jason M. Gunderman

| | |
|---|---|
| **From:** | Dinorah Scholl |
| **To:** | Yvonne Maund |
| **Cc:** | Dollar Tree Stores_ Inc_ Edwards_ Makayla v_ Dollar Tree Stores Inc__ 79656_00077__ E_Mail |
| **Subject:** | FW: Courtesy Copy of Service for Case: 62718, MAKAYLA EDWARDS VS. DOLLAR TREE STORES INC. AND DOLLAR TREE INC. for filing Answer/Response, Envelope Number: 58187238 [IWOV-Legal.FID314119] |
| **Date:** | Tuesday, October 19, 2021 3:16:42 PM |

Please see below.



**DINORAH SCHOLL | PARALEGAL**
4400 Post Oak Parkway • Suite 1980 • Houston, TX 77027
W 713.487.2012 • C 832.341.8681
dscholl@mayerllp.com • mayerllp.com

**From:** no-reply@efilingmail.tylertech.cloud <no-reply@efilingmail.tylertech.cloud>
**Sent:** Thursday, October 14, 2021 12:24 PM
**To:** Dinorah Scholl <DScholl@mayerllp.com>
**Subject:** Courtesy Copy of Service for Case: 62718, MAKAYLA EDWARDS VS. DOLLAR TREE STORES INC. AND DOLLAR TREE INC. for filing Answer/Response, Envelope Number: 58187238



EFile State Logo

# Copy of Service

Case Number: 62718
Case Style: MAKAYLA EDWARDS VS. DOLLAR TREE STORES INC. AND DOLLAR TREE INC.
Envelope Number: 58187238

This is a courtesy copy of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details ||
|---|---|
| **Case Number** | 62718 |
| **Case Style** | MAKAYLA EDWARDS VS. DOLLAR TREE STORES INC. AND DOLLAR TREE INC. |
| **Envelope Number** | 58187238 |
| **Date/Time Submitted** | 10/14/2021 12:23 PM CST |
| **Filing Type** | Answer/Response |
| **Filing Description** | Defendants Dollar Tree Stores, Inc. and Dollar Tree Inc.'s Original Answer |
| **Filed By** | Kathryn Keefer |
| | Other Service Contacts not associated with a party on the case:<br><br>Casandra Fontenot (cfontenot@thefergusonlawfirm.com) |

| | |
|---|---|
| **Service Contacts** | Makayla Edwards:<br><br>Mark Sparks (mark@thefergusonlawfirm.com)<br><br>Layne Walker (lwalker@thefergusonlawfirm.com)<br><br><br>Dollar Tree Stores Inc.:<br><br>Jason Gunderman (jgunderman@mayerllp.com)<br><br>Kathy Keefer (kkeefer@mayerllp.com)<br><br>Kevin Riley (kriley@mayerllp.com)<br><br>Dinorah Scholl (dscholl@mayerllp.com) |
| **File Stamped Copy** | Download Document |
| | This link is active for 30 days. |

For technical assistance, contact your service provider



Need Help? Help | No Lawyer? Start Here | Visit: https://efiletexas.gov/contacts.htm | Email: support@eFileTexas.gov